IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00117-FDW
(3:13-cr-00142-FDW-1)

| | | |
|---|---|---|
| CALVIN WARREN SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se

motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. §

2255. For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

## I.     BACKGROUND

On September 5, 2013, Petitioner pleaded guilty pursuant to a written plea

agreement to one count of possession with intent to distribute cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); and one count of possession of a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3).[1]

(3:13-cr-00142, Doc. No. 18: Plea Agreement; Doc. No. 20: Acceptance and Entry of

Guilty Plea). On April 23, 2014, the Court entered a judgment sentencing Petitioner to a

term of 11-months' imprisonment on Count 2, and a mandatory, consecutive term of 60-

---

[1] In exchange for his guilty plea, the Government agreed to dismiss Count 1 of his indictment which charged him with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g).

1

months on Count 3. Petitioner did not appeal. (<u>Id.</u>, Doc. No. 31: Judgment).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the record, the Court finds that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment was filed on April 23, 2014, and he did not file his § 2255 motion until March 3, 2016, which is the date he averred he placed it in the prison mailing system See Houston v. Lack, 487 U.S. 266, 276 (1988). Petitioner's judgment became final on May 7, 2014, when his time to file a direct appeal expired.

Petitioner recognizes that his § 2255 motion is filed outside the applicable one-year limitations period. Petitioner explains that he should be entitled to equitable tolling because he has been diligently pursuing his right to seek collateral relief and because his attorney failed to file a direct appeal despite his express instruction that she do so. (3:16-cv-00117, Doc No. 1: Motion to Vacate at 12-14). The Court finds that Petitioner cannot benefit from equitable tolling of the one-year limitation period because it does not appear that he has been diligently pursuing his rights and he fails to present a credible claim that some impediment prevent timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010).

In certain exceptional circumstances, a petitioner may benefit from the equitable tolling of the one-year statute of limitations. A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. at 655 (Altio, J., concurring in part and concurring in the judgment) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In his motion for collateral relief, Petitioner raises a challenge to the validity of

his § 924(c) conviction by claiming, among other things, that the charge was not supported by the evidence and that the indictment was constructively amended. Petitioner also presents the claim that his counsel was ineffective because she did not file a notice of appeal even though he contends that he expressly directed her to do so. (Id. at 1, 12-13).

After Petitioner's judgment was entered and he was transferred to the Bureau of Prisons he wrote to his counsel and inquired about the content of the Government's evidence, particularly evidence that had been disclosed to counsel in discovery. In a letter dated November 3, 2014, counsel explained that she reviewed the discovery with Petitioner during her representation, that is, prior to his entry of the guilty plea, and that she was precluded from providing Petitioner with copies of the discovery or with a copy of his presentence report. (Id. at 21). In a letter dated December 9, 2014, counsel enclosed a copy of the "Statement of Open File Policy" that was provided by the Government and signed by Petitioner. According to counsel, this document details the information that defense counsel can turn over to a defendant, and in this letter counsel again explains that she is constrained from turning over certain discovery to Petitioner. (Id. at 22). In a final letter, dated June 29, 2015, counsel provides Petitioner with the address of the U.S. Attorney in this district in case he wants to apply directly to the Government for a copy of his discovery. And again, counsel explains that she cannot provide Petitioner with the discovery. (Id. at 23).

As noted, Petitioner's judgment was final on May 7, 2014, and he is having correspondence with his counsel in the fall of 2014, but nowhere in the letters from counsel is the subject of an appeal mentioned and it is important to note that Petitioner

had at least six months remaining on his one-year limitations period under § 2255(f)(1) to file a § 2255 motion. Importantly, and fatal to Petitioner's case is the fact that Petitioner could have raised his claim that his counsel was ineffective in failing to file a direct appeal at any time between May 7, 2014, and May 7, 2015. In other words, had Petitioner acted diligently in pursuing collateral relief to press this claim of ineffective assistance of counsel, then he may well have been entitled to relief. However, Petitioner's bid to file an out-of-time petition fails on both fronts under the test articulated in <u>Holland</u>.[2]

Finally, the Court notes that in his claim for relief Petitioner moves the Court for an order setting aside his § 924(e) conviction, and not an order setting aside his judgment based on counsel's alleged failure to file a direct appeal. (Motion to Vacate at 15). It is sorely apparent from the nearly eleven pages that he dedicates to argument regarding the validity of the § 924(e) conviction that Petitioner's focus is not on a direct appeal, or lack thereof; but rather on his claim that he is actually innocent of the § 924(e) charge. However, any challenge to the § 924(c) conviction falls flat when considering the evidence in the presentence report, and the statements he made under oath during his Rule 11 hearing, and before this Court during sentencing when he professed that all of the answers that he had given during his Rule 11 hearing were true.

A petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present

---

[2] Petitioner cannot fairly claim that his counsel's decision to abide by the open file policy was a sufficient impediment to prevent a timely § 2255 motion, particularly because it appears the only issue he truly wished to address was his § 924(c) conviction.

challenge to his § 924(c) conviction must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is untimely and he has failed to meet his burden of demonstrating that he is entitled to equitable tolling. Accordingly, the § 2255 motion will be dismissed.

**IT IS, THEREFORE, ORDERED** that the Government's motion to dismiss is **GRANTED**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DENIED and DISMISSED with prejudice**. (Doc. No. 1).

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: May 13, 2016

Frank D. Whitney
Chief United States District Judge